IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| VALERIE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| ROMA ITALIA RESTAURANT OF | ) | |
| OCALA, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW the Plaintiff, VALERIE THOMPSON ("PLAINTIFF") and files this Complaint against DEFENDANT, ROMA ITALIA RESTAURANT OF OCALA, LLC. ("DEFENDANT") respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and violation of Florida's Domestic Violence Leave Act.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a restaurant in Ocala, Florida, which is where PLAINTIFF was employed at all relevant times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5.      At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6.      Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce and 50 or more total employees at all times relative to PLAINTIFF'S Domestic Violence Leave Act claim.

7.      At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9.      In or around November 1995, DEFENDANT first hired PLAINTIFF to work as a server. PLAINTIFF worked for DEFENDANT for approximately 20 years, then left and was rehired by DEFENDANT in 2018. PLAINTIFF worked for DEFENDANT from 2018 until DEFENDANT terminated her in April 2022.  At all times, PLAINTIFF worked in nonexempt positions for DEFENDANT that included server, prep worker and front counter worker.

10.     During the last three years before this lawsuit was filed, PLAINTIFF worked for DEFENDANT five to six days per week from 10:00 a.m. to 10:00 p.m.  Despite working at least 60 hours per week, PLAINTIFF did not receive the amount of overtime pay she should have received.  Instead, PLAINTIFF would receive time and one-half on the minimum wage amount for servers.  The law requires and at all relevant times, required DEFENDANT to compensate PLAINTIFF for her overtime at a rate of one

and one-half times the minimum wage rate and DEFENDANT may only take a partial credit against this amount for the tipped employee credit.

11.     In 2018, the minimum wage for servers who receive tips was $5.23 per hour.  The current amount is $5.63 per hour.

12.     The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked to pay its employees time and one-half when they work more than 40 hours per week.

13.     Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF was not paid the appropriate overtime rate when she worked more than 40 hours in a week.

14.     Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF time and one-half at the appropriate rate when she worked more than 40 hours per week.

15.     PLAINTIFF is therefore owed compensation for time actually worked but not paid, and back wages by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17.     DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

18.     At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

19.     PLAINTIFF at all relevant times was a non-exempt employee of DEFENDANT, as

defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which she received inadequate compensation.

20.   During her employment with DEFENDANT, PLAINTIFF performed work for which she was not compensated properly in violation of the overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

21.   Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

22.   DEFENDANT'S failure to compensate PLAINTIFF at a rate of one and one-half times minimum wage when she worked overtime violates the FLSA and the regulations thereunder.

23.   DEFENDANT'S failure to compensate properly PLAINTIFF for all compensable hours was a willful and knowing violation of the Act.

24.   As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

25.   Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF time and one-half pay for unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

26.   All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid overtime, liquidated damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court

may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

27.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

28.     PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid the server minimum wage for each hour she worked plus tips.

29.     PLAINTIFF performed as agreed pursuant to her agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF at the agreed rate by taking illegal deductions from PLAINTIFF'S tips.  In that regard, DEFENDANT violated its agreement with PLAINTIFF by never clearly communicating its tip pooling scheme to PLAINTIFF, requiring PLAINTIFF to share tips with her manager and by requiring her to share tips with employees who worked in the back of the house and did not have contact with customers.

30.     As a result of DEFENDANT'S failure to pay PLAINTIFF properly, she has suffered delay in receipt of her wages and has been required to retain an attorney to help her get her pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to *Florida Statute* § 448.08.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid tips/wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLORIDA'S DOMESTIC VIOLENCE LEAVE ACT

31.     The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

32.     In April 2022, PLAINTIFF informed DEFENDANT via text message that she was not going to be able to work because she was attempting to prevent her boyfriend's (who was known by DEFENDANT to live with PLAINTIFF) son from attacking his half-brother because the son believed the half-brother attacked PLAINTIFF'S boyfriend.

33.     *Florida Statute* §741.313 requires an employer with at least 50 employees to offer up to three days of leave per year to an employee to deal with domestic violence to the employee or the employee's household member.  The statute in pertinent part provides: "An employer may not discharge, demote, suspend, retaliate, or in any other manner discriminate against an employee for exercising his or her rights under this section."

34.     DEFENDANT discharged PLAINTIFF on or about April 16, 2022, and upon information and belief, the decision to discharge PLAINTIFF was based at least in part on PLAINTIFF requesting time off to secure her home from potential domestic violence.

35.     As a result of her termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

        WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on

all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  May 30, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvillleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF